**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| SHEREE MOSLEY, individually and on behalf of all persons similarly situated, | Civil Action No.: 2:25-cv-1536 |
| Plaintiff, | CLASS AND COLLECTIVE ACTION COMPLAINT |
| v. | Jury Trial Demanded |
| SUCCESSFUL AGING CARE NET, INC., | |
| Defendant. | |

**CLASS AND COLLECTIVE ACTION COMPLAINT**

Plaintiff Sheree Mosley ("Plaintiff"), on behalf of herself and all others similarly situated, by and through her attorneys, brings this collective action lawsuit against Successful Aging Care Net, Inc. ("Defendant" or "Successful Aging"), seeking all available remedies under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), the Pennsylvania Minimum Wage Act of 1968 ("PMWA"), 43 P.S. §§ 333.101, *et seq.*, the Pennsylvania Wage Payment and Collection Law ("WPCL") 43 P.S. §§ 260.1, *et seq.*, and Pennsylvania common law. The foregoing allegations are made on personal knowledge as to Plaintiff's own conduct and are made on information and belief as to the acts of others.

**INTRODUCTION**

1. Defendant is a provider of home healthcare and geriatric care management services.

2. This case is about Defendant's knowing and willful failure to pay its non-exempt employees all wages, including overtime wages, due as required by the FLSA, PMWA, and WPCL. Specifically, Defendant failed to pay home health aides all wages owed, including straight time and overtime wages, for all hours worked each week, including for the time spent traveling between the

homes of Successful Aging's clients during their regular workday. As a result, Defendant systematically underpaid straight time and overtime wages due to Plaintiff and similarly situated employees.

3. This case is also about Defendant's failure to pay all wages, including fringe benefits and wage supplements, owed to employees in accordance with the WPCL. Specifically, Defendant failed to reimburse Plaintiff and similarly situated employees for business expenses, including mileage costs incurred by employees when traveling between the homes of Successful Aging's clients during their regular workday, in violation of the WPCL.

## JURISDICTION AND VENUE

4. The exercise of jurisdiction over Plaintiff's FLSA claim is proper under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

5. This Court has supplemental jurisdiction over Plaintiff's Pennsylvania state law claims under 28 U.S.C. § 1367 because the state law claims share a common nucleus of operative facts with Plaintiff's federal law claims.

6. Venue in this Court is proper pursuant to 28 U.S.C. § 1391. Defendant resides in this District and conducts business in this District.

## PARTIES

7. Plaintiff Sheree Mosley is an individual residing in Upland, Pennsylvania. Plaintiff worked for Defendant as an in-home caregiver from 2014 until late 2022. Pursuant to 29 U.S.C. § 216(b), Plaintiff has consented in writing to participate in this action. *See* Ex. A.

8. Defendant is a corporation organized under the laws of the Commonwealth of Pennsylvania, with a registered office at 38 Garrett Road, Upper Darby, PA 19082 in Delaware County, within the jurisdiction of this Court. Successful Aging is engaged in a home health care

business with its main place of business at 38 Garrett Road, Upper Darby, PA 19082, and with additional secondary offices in Philadelphia, PA.

9. The unlawful acts alleged in this Complaint were committed by Defendant and/or Defendant's officers, agents, employees, or representatives, while actively engaged in the management of Defendant's business or affairs and with the authorization of Defendant.

10. At all times relevant to this Complaint, Plaintiff was and similarly situated employees are employees of Defendant and covered by the FLSA, PMWA, and WPCL. 29 U.S.C. § 203(e); 43 Pa. Stat. § 333.103(h).

11. At all times relevant to this Complaint, Defendant is an employer covered by the FLSA, PMWA, and WPCL. *See* 29 U.S.C. § 203(d); 43 Pa. Stat. § 333.103(g); 43. P.S. §260.2a.

12. Defendant employed Plaintiff and continues to employ similarly situated employees in Pennsylvania.

13. At all times relevant to this Complaint, Defendant employed individuals engaged in domestic service for profit, which affects commerce per Section 2(a)(5) of the FLSA. Defendant's employees provide in-home healthcare services to Successful Aging's clients. Defendant's annual gross volume of sales made or business done exceeds $500,000.00. Therefore, the employees of Defendant are employed in an enterprise engaged in commerce within the meaning of Section 3(s)(1)(A) of the FLSA.

## CLASS AND COLLECTIVE DEFINITIONS

14. Plaintiff brings Count I of this lawsuit pursuant to 29 U.S.C. § 216(b) as a collective action, individually, and on behalf the following proposed collective:

> All current and former hourly-paid Caregivers, Home Health Aides, and employees in similarly titled positions who worked for Defendant in the United States during the past three years (the "FLSA Collective").

3

15. Plaintiff brings Count II, III, IV, and V of this lawsuit pursuant to FED. R. CIV. P. 23 and the Pennsylvania Minimum Wage Act of 1968 ("PMWA"), 43 P.S. §§333.101, *et seq.* on behalf of herself and the following class:

> All current and former hourly-paid Caregivers, Home Health Aides, and employees in similarly titled positions who worked for Defendant in, or were based out of, Pennsylvania[1] during the past three years (the "Pennsylvania Class").[2]

16. The FLSA Collective and the Pennsylvania Class are together referred to as the "Classes," with individual members referred to as "Class Members" or "Caregivers."

17. Plaintiff reserves the right to redefine the Classes prior to notice, and thereafter, as may be warranted or necessary.

## **FACTS**

18. Defendant operates a healthcare company that provides in-home care services to elderly and disabled clients.

19. From approximately 2014 to late 2022, Defendant employed Plaintiff as a caregiver.

20. Defendant employs hundreds of Caregivers in Pennsylvania.

21. Defendant classified Plaintiff as a non-exempt employee and paid her on an hourly basis.

---

[1] The PMWA and WPCL apply to Pennsylvania workers, regardless of the state in which the work is performed. *Truman v. DeWolff, Boberg & Assocs., Inc.*, No. 07-01702, 2009 WL 2015126, at *2 (W.D. Pa. July 7, 2009) ("In light of the FLSA's explicit recognition that states may offer greater protections to its employees than the FLSA, we are reluctant to find an unstated foreign-work exemption in the PMWA based solely on the fact that the FLSA contains such an exemption."). Courts apply a five-factor test for purposes of the PMWA and WPCL to determine whether workers are based in Pennsylvania, which include (1) employer's headquarters; (2) employee's physical presence working in Pennsylvania; (3) extent of employee's contact with Pennsylvania Employer, i.e., reporting, direction, supervision, hiring, assignment, and termination; (4) employee's residence; and (5) employee's ability to bring her claim in another forum. *See Matthews v. BioTelemetry, Inc.*, No. 18-561, 2018 WL 3648228, at *3 (E.D. Pa. July 31, 2018).
[2] The statute of limitations on Plaintiff's unjust enrichment claim is four years. 42 Pa.C.S.A. § 5525.

22. Defendant, through its owner and CEO, Innocent Onwubiko, hired Plaintiff as a Caregiver and agreed to pay Plaintiff $13.00 per hour for all hours that she worked for Defendant.

23. Defendant classifies other similarly situated Caregivers as non-exempt employees and pays them hourly wages for all hours worked at rates agreed upon when hired.

24. Caregivers are responsible for traveling to clients' homes, often multiple clients in one day, and providing in-home health care services.

25. Defendant's scheduler, who also served as one of Plaintiff's supervisors, Raquel Morgan, told Plaintiff that she would be paid for her travel time and reimbursed for mileage costs.

26. Defendant's employee handbook indicates that Defendant will reimburse employees for necessary business expenses incurred in the course of their employment including—mileage costs.

27. Plaintiff regularly worked in two to three clients' homes each day.

28. Plaintiff regularly traveled in between clients' homes using her own vehicle for which she incurred mileage and fuel costs.

29. Plaintiff regularly worked in excess of forty (40) hours a week.

30. Other Caregivers work similar schedules and regularly work in excess of forty (40) hours a week.

31. Other Caregivers similarly travel between multiple clients' homes each day, use their personal vehicles to do so, and incur mileage and fuel costs.

32. Defendant requires Caregivers to use a mobile application, the "HHA App," for timekeeping purposes.

33. Pursuant to Defendant's policies, Caregivers, including Plaintiff, clock-in on the HHA App when arriving at a client's home to begin their shift and clock-out on the HHA App when

leaving that client's home. Caregivers are not permitted to remain on the clock while traveling in between clients' homes throughout their workday.

34. Thus, Defendant required Caregivers to complete this travel time off-the-clock and failed to pay Caregivers' wages, including overtime wages, for travel time between clients' homes during their regular workday.

35. As a result, Defendant routinely failed to pay Plaintiff and other Caregivers all wages owed, including overtime wages for all hours worked over forty (40) hours each week.

36. For example, during the two-week pay period of August 8, 2022 to August 21, 2022, Plaintiff worked a total of 120 hours, with overtime hours worked in both workweeks. In each of these weeks, Plaintiff spent time traveling between clients' homes while off-the-clock during her regular workday. Because Defendant did not record or pay Plaintiff for the time spent traveling in between clients' homes, Defendant did not pay Plaintiff overtime wages for all hours worked in excess of forty (40) hours in the two workweeks of this pay period.

37. During this same period, Plaintiff incurred mileage costs when traveling between client's homes in her personal vehicle for which she did not receive reimbursement.

38. Additionally, Defendant routinely failed to pay Plaintiff and other Caregivers all wages owed, including overtime wages, for all hours worked each week.

39. Defendant did not always pay Plaintiff wages for all of the hours that she worked each week as recorded in Defendant's timekeeping system.

40. Defendant has previously been found liable for record keeping violations under 29 U.S.C. § 211(c),[3] and has further admitted that discrepancies exist between its HHAExchange

---

[3] *See* Ex. B, p. 2, Order, *Walsh v. Successful Aging Care Net, Inc. et al.*, No. 2:20-cv-02890 (E.D. PA Oct 28, 2021).

timekeeping records and its ADP payroll reports.[4]

41. Defendant's failure to pay Plaintiff and other Caregivers wages and overtime wages for all hours worked each week violates the FLSA, PMWA, and WPCL.

42. In addition, Defendant has failed to make, keep, and preserve records with respect to Plaintiff and other Caregivers sufficient to determine their lawful wages, actual hours worked, and other conditions of employment as required by federal law. *See* 29 U.S.C. § 211(c); 29 C.F.R. §§ 516.5(a), 516.6(a)(1), 516.2(c) (requiring employers to maintain payroll records for three years and time sheets for two years, including the exact number of hours worked each day and each week).

### Defendant Failed to Reimburse Caregivers for Mileage Costs

43. Plaintiff and other Caregivers regularly incurred mileage costs during their employment when traveling between the homes of Defendant's clients during the regular workday.

44. Plaintiff inquired multiple times regarding reimbursement for mileage costs and requested she be paid for travel time and mileage costs.

45. Defendant's supervisor Raquel Morgan repeatedly told Plaintiff that she would receive payment for her travel time and mileage.

46. Despite these reassurances, Defendant only reimbursed approximately $30 of Plaintiff's mileage costs on one occasion towards the end of her employment but failed to reimburse her for the vast majority of her mileage costs.

### Defendant Willfully Violated the FLSA and the PMWA

47. Defendant's actions in violation of the FLSA and PMWA were or are made willfully

---

[4] *Compare* Ex. C, ¶¶ 62-63 (Plaintiff's Concise Statement of Stipulated & Additional Material Facts, *Walsh v. Successful Aging Care Net, Inc. et al.*, No. 2:20-cv-02890 (E.D. PA July 30, 2021) (ECF No. 26-2) *with* Ex. D, ¶¶ 62-63 (Defendant's Reply to Plaintiff's Concise Statement of Stipulated & Additional Facts, *Walsh v. Successful Aging Care Net, Inc. et al.*, No. 2:20-cv-02890 (E.D. PA Sept. 20, 2021) (ECF No. 33)).

in an effort to avoid liability under the FLSA and Pennsylvania law.

48. Even though the FLSA and PMWA require overtime premium compensation for all hours worked over forty (40) per week, Defendant did not pay Plaintiff and the other Caregivers overtime wages for all overtime hours worked.

49. Defendant knew that Plaintiff and the other Caregivers were entitled to overtime wages for all hours worked, including travel time, because Defendant classified Plaintiff and the other Caregivers as non-exempt under the FLSA and PMWA.

50. Additionally, Defendant has been on notice of its overtime obligations under state and federal law because it has been involved in several lawsuits alleging non-compliance in the past. *See e.g.*, *Eugene Scalia, Secretary of Labor, United States Department of Labor v. Successful Aging Care Net, Inc. et al*, No. 2:20-cv-02890 (E.D. Pa. filed June 17, 2020); *Pearson v. Successful Aging Care Net, Inc.*, No. 2:18-cv-04668 (E.D. Pa. filed Oct. 29, 2018).

51. In fact, on October 28, 2021, this Court, in *Walsh v. Successful Aging Care Net, Inc., et al.*,[5] granted partial summary judgment to the Secretary of Labor and held that Successful Aging and its owner were liable for overtime and recordkeeping violations of the Fair Labor Standards Act, including for unpaid overtime attributed to unpaid travel time. *See* Exhibit B. The Department of Labor further assessed civil money penalties against Successful Aging due to the willful nature of its violations. *See* News Release, *Court Orders Home Care Agency To Pay More Than $4.5M in Back Wages, Damages To 503 Workers After US Department Of Labor Investigation*, U.S. Dept. of Labor (March 8, 2022) https://www.dol.gov/newsroom/releases/whd/whd20220308 (last visited March 21, 2025).

---

[5] Secretary of Labor Martin J. Walsh was substituted for Eugene Scalia as the Plaintiff in the action after the case was initiated.

8

52. By failing to correct its timekeeping and payroll practices following the prior lawsuits and the Department of Labor investigation, and by its continued failure to pay all overtime compensation owed to Plaintiff and the other Caregivers, Defendant has acted willfully and with reckless disregard of clearly applicable wage provisions under the FLSA and Pennsylvania law.

53. Defendant has not made good faith efforts to comply with the FLSA or the PMWA.

## COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA

54. Plaintiff brings this lawsuit pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of the FLSA Collective defined above.

55. Plaintiff desires to pursue her FLSA claims on behalf of any individuals who opt-in to this action pursuant to 29 U.S.C. § 216(b).

56. Plaintiff and the FLSA Collective are "similarly situated," as that term is used in 29 U.S.C. § 216(b), because, *inter alia*, all such individuals worked pursuant to Defendant's previously-described common pay practices and, as a result of such practices, were not paid the full and legally mandated overtime premium for hours worked over forty (40) hours during the workweek. Resolution of this action requires inquiry into common facts, including, *inter alia*, Defendant's common compensation, timekeeping, and payroll practices.

57. The similarly situated employees are known to Defendant and are readily identifiable and may be located through Defendant's business records and the records of any payroll companies Defendant uses.

58. Defendant employs many FLSA Collective Members throughout the United States. These similarly situated employees may be readily notified of the instant litigation through direct means, such as U.S. mail, email, and/or other appropriate means, and should be allowed to opt into it pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their similar claims

for overtime and other compensation violations, liquidated damages, interest, and attorneys' fees and costs under the FLSA.

## CLASS ACTION ALLEGATIONS

59. Plaintiff also brings this action as a class action pursuant to FED R. CIV. P. 23 on behalf of herself and the Pennsylvania Class defined above.

60. The members of the Pennsylvania Class are so numerous that joinder of all members is impracticable. Upon information and belief, there are more than forty (40) members of the Pennsylvania Class.

61. Plaintiff will fairly and adequately represent and protect the interests of the Pennsylvania Class because there is no conflict between the claims of Plaintiff and those of the Pennsylvania Class, and Plaintiff's claims are typical of the claims of the Pennsylvania Class Members. Plaintiff's counsel are competent and experienced in class action litigation and other complex litigation, including wage and hour cases like this one.

62. There are questions of law and fact common to the proposed Pennsylvania Class, which predominate over any questions affecting only individual Class members, including without limitation: whether Defendant has violated and continue to violate the laws of Pennsylvania through its policy or practice of requiring Caregivers to work off-the-clock and failing to pay them all wages owed, including overtime compensation.

63. Plaintiff's claims are typical of the claims of the Pennsylvania Class in the following ways, without limitation: (a) Plaintiff is a member of the Pennsylvania Class; (b) Plaintiff's claims arise out of the same policies, practices, and course of conduct of Defendant that form the basis of the claims of the Pennsylvania Class; (c) Plaintiff's claims are based on the same legal and remedial theories as those of the Pennsylvania Class and involve similar factual

circumstances; (d) there are no conflicts between the interests of Plaintiff and the Pennsylvania Class Members; and (e) the injuries suffered by Plaintiff are similar to the injuries suffered by the Pennsylvania Class Members.

64. Class certification is appropriate under FED. R. CIV. P. 23(b)(3) because questions of law and fact common to the Pennsylvania Class predominate over any questions affecting only individual Pennsylvania Class Members.

65. Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy. The Pennsylvania Class Members are readily identifiable from Defendant's own employment records. Prosecution of separate actions by individual members of the Pennsylvania Class would create the risk of inconsistent or varying adjudications with respect to individual Pennsylvania Class Members that would establish incompatible standards of conduct for Defendant.

66. A class action is superior to other available methods for adjudication of this controversy because joinder of all members is impractical. Further, the amounts at stake for many of the Pennsylvania Class Members, while substantial, are not great enough to enable them to maintain separate suits against Defendant.

67. Without a class action, Defendant will retain the benefit of its wrongdoing, which will result in further damages to Plaintiff and the Pennsylvania Class. Plaintiff envisions no

difficulty in the management of this action as a class action.

## COUNT I
### Overtime Violation of the FLSA
### (On Behalf of Plaintiff and the FLSA Collective)

68. All previous paragraphs are incorporated as though fully set forth herein.

69. The FLSA requires that covered employees be compensated for all hours worked in excess of forty (40) hours per week at a rate not less than one and one-half (1½) times the regular rate at which he is employed. *See* 29 U.S.C. § 207(a)(1).

70. Defendant is subject to the wage requirements of the FLSA because Defendant is an "employer" under 29 U.S.C. § 203(d).

71. At all relevant times, Defendant was, and continues to be, an "employer" engaged in interstate commerce and/or in the production of goods for commerce within the meaning of the FLSA. *See* 29 U.S.C. § 203.

72. During all relevant times, the members of FLSA Collective, including Plaintiff, were covered employees entitled to the above-described FLSA protections. *See* 29 U.S.C. § 203(e).

73. Plaintiff and the FLSA Collective are not exempt from the requirements of the FLSA.

74. The FLSA requires Defendant to pay non-exempt employees one-and-one-half times their regular rate of pay for all hours worked over forty in a work week. 29 U.S.C. § 207.

75. Plaintiff and the FLSA Collective are entitled to be paid overtime compensation for all hours worked over forty (40) in a workweek pursuant to 29 U.S.C. § 207(a)(1) and 29 C.F.R. § 778.107.

76. Defendant's compensation scheme applicable to Plaintiff and the FLSA Collective failed to comply with either 29 U.S.C. § 207(a)(1) or 29 C.F.R. § 778.207(b).

77. Defendant knowingly failed to compensate Plaintiff and the FLSA Collective at a rate of one and one-half (1½) times their regular rate for hours worked in excess of forty (40) hours per week, in violation of 29 U.S.C. § 207(a)(1) and 29 C.F.R. § 778.207(b).

78. In violating the FLSA, Defendant acted willfully and with reckless disregard of clearly applicable FLSA provisions.

79. Pursuant 29 U.S.C. § 216(b), employers, such as Defendant, who fail to pay an employee wages in conformance with the FLSA shall be liable to the employee for the unpaid minimum and overtime wages, an additional equal amount as liquidated damages, reasonable attorney's fees, and costs of the action.

**COUNT II**
**Overtime Violation of the Pennsylvania Minimum Wage Act**
**(On Behalf of Plaintiff and the Pennsylvania Class Members)**

80. All previous paragraphs are incorporated as though fully set forth herein.

81. The Pennsylvania Minimum Wage Act of 1968 ("PMWA") requires that employers pay employes for all "hours worked" (i.e., all time the "employee is required by the employer to be on the premises of the employer, to be on duty or to be at the prescribed work place, time spent in traveling as part of the duties of the employee during normal working hours and time during which an employee is employed or permitted to work"). *See* 34 Pa. Code § 231.1

82. The PMWA also requires that covered employees be compensated for all hours worked in excess of forty (40) hours per week at a rate not less than one and one-half (1 ½) times the regular rate at which she is employed. *See* 43 P.S. § 333.104(c) and 34 Pa. Code § 231.41.

83. Defendant is subject to the overtime requirements of the PMWA because Defendant is an employer under 43 P.S. § 333.103(g).

84. During all relevant times, Plaintiff and the Pennsylvania Class were covered

employes entitled to the above-described PMWA's protections. *See* 43 P.S. § 333.103(h).

85. During all relevant times, Plaintiff and the Pennsylvania Class did not qualify as exempt from the overtime requirements of the PMWA under 43 P.S. § 333.105.

86. Defendant is required by the PMWA to pay Plaintiff and the Pennsylvania Class for all hours worked and overtime at a rate of time and one-half (1 ½) the regular rate of pay for any work in excess of forty (40) hours pursuant to 43 P.S. § 333.104(c) and 34 Pa. Code § 231.41.

87. Defendant knowingly failed to compensate Plaintiff and the Pennsylvania Class for all hours worked and for overtime hours worked at a rate of one and one-half (1 ½) times their regular hourly wage for hours worked in excess of forty (40) hours per week, in violation of 43 P.S. § 333.104(c) and 34 Pa. Code § 231.41.

88. In violating the PMWA, Defendant acted willfully and with reckless disregard of clearly applicable PMWA provisions.

89. Pursuant 43 P.S. § 333.113, employers, such as Defendant, who fail to pay an employe wages in conformance with the PMWA shall be liable to the employe for the wages or expenses that were not paid, court costs and attorneys' fees incurred in recovering the unpaid wages.

### COUNT III
### Failure to Pay Wages in Violation of the WPCL
### (On Behalf of Plaintiff and the Pennsylvania Class Members)

90. All previous paragraphs are incorporated as though fully set forth herein.

91. The WPLC provides the employee with a statutory remedy to enforce his rights where an employer breaches its fundamental contractual obligation to pay wages owed to said employee. *See Weldon v. Kraft, Inc.*, 896 F.2d 793, 801 (3d Cir. 1990).

92. The "contract" between the employer and the employee governs the determination

of the specific wages earned by the employee. *Id.* (citing *Sendi v. NCR Comten, Inc.*, 800 F.2d 1138 (3d Cir. 1986)).

93. The WPCL requires that "[e]very employer shall pay all wages . . . due his employes on the regular paydays designated in advance by the employer." 43 P.S. § 260.3.

94. The WPCL defines "wages" as "all earnings of an employe, regardless of whether determined on time, task, piece, commission or other method of calculation" and includes "fringe benefits or wage supplements." 43 P.S. § 260.2a.

95. Defendant is an employer covered by the WPCL. *See* 43. P.S. §260.2a.

96. Plaintiff and Pennsylvania Class Members accrued wages within the meaning of 43 P.S. § 260.2a because they worked for Defendant and provided health care services to Defendant's clients in exchange for compensation to be paid at the hourly rate agreed upon with Defendant.

97. Defendant's established regular payday practice was to pay employees on a bi-weekly basis.

98. Defendant knowingly failed to pay Plaintiff and the Pennsylvania Class earned wages for all straight time and overtime hour worked, including for unpaid travel time between Defendant's client's homes during the regular workday, in violation of 43 P.S. § 260.3.

99. Defendant violated the WPCL when it failed to pay Plaintiff and Pennsylvania Class Members their wages within the time specified by law.

100. Defendant failed to pay wages due for a period in excess of thirty (30) days beyond regularly scheduled paydays.

101. Plaintiff and the Pennsylvania Class Members have been damaged as a result of Defendant's failure to pay wages due.

102. Pursuant 43 P.S. § 260.10, an employer, such as Defendant, who fails to pay an

employee wages in conformance with the WPCL shall be liable to the employee for the wages or expenses that were not paid, court costs and attorneys' fees incurred in recovering the unpaid wages, and liquidated damages in an amount equal to twenty-five percent (25%) of the total amount of wages due. 43 P.S. §§ 260.09a, 260.10.

## COUNT IV
### Failure to Reimburse Business Expenses in Violation of WPCL
### (On Behalf of Plaintiff and the Pennsylvania Class Members)

103. All previous paragraphs are incorporated as though fully set forth herein.

104. The Pennsylvania Wage Payment and Collection Law ("WPCL") requires that "[e]very employer shall pay all wages . . . due his employes on the regular paydays designated in advance by the employer."

105. The WPCL defines "wages" to include all "earnings of an employee" and further includes within this definition any "fringe benefits or wage supplements." 43 P.S. § 260.2a.

106. The WPCL requires that employers pay fringe benefits or wage supplements "within 10 days after such payments are required to be made directly to the employe, or within 60 days of the date when proper claim was filed by the employe in situations where no required time for payment is specified." 43 P.S. § 260.3(b).

107. The WPCL defines "fringe benefits or wage supplements" as including "reimbursement for expenses . . . and any other amount to be paid pursuant to an agreement to the employe". 43 P.S. § 260.2a.

108. Defendant is an employer covered by the WPCL. *See* 43. P.S. §260.2a.

109. Defendant violated the WPCL when it failed to pay Plaintiff and the Pennsylvania Class all wage supplements owed, including mileage costs, within the time specified by law.

110. Defendant agreed to pay Plaintiff and the Pennsylvania Class reimbursements

16

necessary expenditures and reasonable costs incurred in the course of doing their jobs, including mileage costs.

111. Plaintiff requested reimbursements for mileage costs and was told by Defendant's supervisors that she would be reimbursed for her mileage.

112. Regardless, Defendant willfully failed to pay Plaintiff these reimbursements as "wage supplements" within the time limits prescribed by the WPCL.

113. Plaintiff has been damaged as a result of Defendant's failure to pay her wage supplements due.

114. Defendant knowingly failed to pay Plaintiff and the Pennsylvania Class for all wage supplements owed in violation of 43 P.S. § 260.3.

115. Pursuant 43 P.S. § 260.10, an employer, such as Defendant, who fails to pay an employee wages in conformance with the WPCL shall be liable to the employee for the wages or expenses that were not paid, court costs and attorneys' fees incurred in recovering the unpaid wages, and liquidated damages in an amount equal to twenty-five percent (25%) of the total amount of wages due. 43 P.S. §§ 260.09a, 260.10.

### COUNT V
### Pennsylvania Common Law – Unjust Enrichment
### (*In the Alternative*, on Behalf of Plaintiff and the Pennsylvania Class Members)

116. All previous paragraphs are incorporated as though fully set forth herein.

117. To the extent the parties' relationship is not covered by valid and enforceable contracts, Plaintiff asserts this claim for unjust enrichment.

118. Defendant has received and benefited from the uncompensated labors of Plaintiff and the Pennsylvania Class, such that to retain said benefit without compensation would be inequitable and rise to the level of unjust enrichment.

119. At all relevant times hereto, Defendant devised and implemented a plan to increase its earnings and profits by fostering a scheme of securing work from Plaintiff and the Pennsylvania Class without properly paying compensation for all hours worked including overtime compensation.

120. Contrary to all good faith and fair dealing, Defendant induced Plaintiff and the Pennsylvania Class to perform work while failing to properly compensate for all hours worked as required by law including overtime compensation.

121. By reason of having secured the work and efforts of Plaintiff and the Pennsylvania Class without proper compensation as required by law, Defendant enjoyed reduced overhead with respect to its labor costs and therefore realized additional earnings and profits to its own benefit and to the detriment of Plaintiff and the Pennsylvania Class. Defendant retained and continues to retain such benefits contrary to the fundamental principles of justice, equity and good conscience.

122. Accordingly, Plaintiff and the Pennsylvania Class are entitled to judgment in an amount equal to the benefits unjustly retained by the Defendant.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff seeks the following relief on behalf of herself and all others similarly situated:

   a. An order permitting this litigation to proceed as an FLSA collective action pursuant to 29 U.S.C. § 216(b);

   b. Prompt notice, pursuant to 29 U.S.C. § 216(b), of this litigation to all potential FLSA Collective members;

   c. An order permitting this litigation to proceed as a class action pursuant to Fed. R. Civ. P. 23 on behalf of the Pennsylvania Class;

   d. Back pay damages (including unpaid overtime compensation) and prejudgment interest to the fullest extent permitted under the law;

    e.  Liquidated damages and penalties to the fullest extent permitted under the law;

    f.  Litigation costs, expenses, and attorneys' fees to the fullest extent permitted under the law; and

    g.  Such other and further relief as this Court deems just and proper.


Dated: March 24, 2025                      Respectfully submitted,

                                              /s/ *Camille Fundora Rodriguez*
                                              Camille Fundora Rodriguez (PA 312533)
                                              Michael J. Anderson (PA 332185)
                                              **BERGER MONTAGUE PC**
                                              1818 Market Street, Suite 3600
                                              Philadelphia, PA 19103
                                              Tel.: (215) 875-3000
                                              Fax: (215) 875-4604
                                              crodriguez@bm.net
                                              manderson@bm.net

                                              Alexandra K. Piazza (PA 315240)
                                              **BERGER MONTAGUE PC**
                                              8241 La Mesa Blvd, Suite A
                                              La Mesa, CA 91942
                                              Tel.: (215) 875-3063
                                              apiazza@bm.net

                                              *Counsel for Plaintiff and the Proposed Class and Collective Members*